# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**FIRST CR CONSTRUCTION, LLC, and**
**RUIDOSO MOUNTAIN BUILDERS, LLC**

    **Plaintiffs,**

v.                                                                                                No. 17-cv-1197 GBW/SMV

**MARGARET TIPPIN and WALTER TIPPIN,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Notice of Removal [Doc. 1], filed by Defendant Margaret Tippin on December 5, 2017. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order Defendant Margaret Tippin to file an amended notice of removal no later than February 16, 2018, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

On December 5, 2017, Defendant Margaret Tippin filed her Notice of Removal under 28 U.S.C. § 1332. [Doc. 1] at 1. The Notice asserts that there is complete diversity between Plaintiffs and Defendants and that the amount in controversy exceeds $75,000. *Id*. at 1–3. In support of her claim of diversity of citizenship, Defendant Margaret Tippin quotes from the

Complaint, asserting that Plaintiffs are "all foreign limited liability companies 'organized under the laws of the State of Nevada and registered to do business in the State of New Mexico.'" *Id.* (quoting [Doc. 1-1] at 3, ¶ 1). Defendant Margaret Tippin asserts that she and her husband, co-Defendant, Walter Tippin, are citizens of Texas. *Id.* at 2.

## LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. § 1332(a). When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). Jurisdiction under § 1332 requires diversity of citizenship.

Determining the citizenship of a limited liability companies is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are, therefore, citizens of each and every state in which any member is a citizen. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

Here, the facts set forth in the Notice of Removal do not sufficiently establish the citizenship of Plaintiffs because the citizenship of each and every member is not alleged.

A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective. *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300 (10th Cir. 1968). Technical defects, however, may be cured by amendment of the notice. *See id.* at 300–02 (permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 (Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.). As the Tenth Circuit explained in *Hendrix*, disallowing amendment in circumstances comparable to those in this case would be "too grudging with reference to the controlling statute [28 U.S.C. § 1653], too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly

disposition of cases properly committed to federal courts." *Hendrix*, 390 F.2d at 301 (footnotes omitted).

Accordingly, the Court will give Defendant Margaret Tippin the opportunity to file an amended notice of removal to properly allege the citizenship of each and every member of the Plaintiff LLCs.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Margaret Tippin amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **February 16, 2018**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **February 16, 2018**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**