**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**FIRST CR CONSTRUCTION, LLC (d/b/a**
**RUIDOSO MOUNTAIN BUILDERS and**
**RUIDOSO MOUNTAIN BUILDERS), a**
**Nevada limited liability company,**

           **Plaintiff,**

v.                                                                          No. 2:17-cv-01197-GBW-SMV

**WALTER AND MARGARET TIPPIN,**
**individually and as a married couple,**

           **Defendants.**

**MOTION TO REMAND CIVIL ACTION TO NEW MEXICO STATE DISTRICT**
**COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

COMES NOW Plaintiff First CR Construction, LLC ("Plaintiff" or "FCRC"), through its attorney Eric D. Norvell, and submits this Motion to Remand Civil Action to New Mexico State District Court for Lack of Subject Matter Jurisdiction ("Motion"). Per D.N.M.LR-Civ. 7.1, Plaintiff has in good faith sought concurrence from Defendant as to relief requested but has not received a response as of time of filing. As grounds for this Motion, Plaintiff states the following.

**I.     RELEVANT FACTS**

Plaintiff filed a Complaint for Breach of Contract, Promissory Estoppel, Unjust Enrichment, and Fraud on October 9, 2017, in the Twelfth Judicial District Court for the State of New Mexico, County of Lincoln, as Case No. D-1226-CV-2017-00272. [Doc. 1-1, "Complaint," filed as part of removal on December 5, 2017.] Defendant Margaret Tippin filed a "Notice of Removal" on December 5, 2017. [Doc. 1.] Grounds for removal to federal court were the assertion of complete diversity, wherein the amount in controversy exceeds $75,000 and the citizenship of every plaintiff differs from the citizenship of every defendant.

The Court, *sua sponte*, entered a Memorandum Opinion and Order, deeming that the Notice of Removal was deficient. [Doc. 7, "Order," filed Jan. 17, 2018.] The Court stated in the Order that the Notice of Removal "fail[ed] to allege the necessary facts of citizenship in order to sustain diversity jurisdiction." (Order at 1.) Specifically, Defendant quoted the Complaint and alleged that FCRC was "organized under the laws of the State of Nevada and registered to do business in the State of New Mexico." (Order at 1 – 2.) However, the Order stated that while a corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business, limited liability companies such as FCRC are deemed to be citizens of "each and every state in which any member is a citizen." (Order at 3, *citing Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015)). The Court granted Defendant leave to file an amended notice of removal, which notice was filed on February 7, 2018. [Doc. 11, "Amended Notice of Removal."] The Amended Notice of Removal attempted to correct the deficiency cited by the Order by alleging the following:

> Plaintiff First CR Construction, LLC has a single member, Lula Fae Moore (as reflected in documents filed for the past 15 years with the State of Nevada) who is a citizen of the State of New Mexico. Because First CR Construction LLC's sole member is a New Mexico citizen, First CR Construction LLC is deemed to be a citizen of New Mexico for diversity jurisdiction purposes. (Amended Notice of Removal at 2, ¶ I.A.6.)

The Amended Notice's assertion of citizenship is incorrect. While it is true that Lula Fae Moore is the sole and managing member of FCRC, Ms. Moore is a citizen of Texas, not of New Mexico. (Affidavit of Lula Fae Moore, a true and correct copy of which is attached hereto as Exhibit A, at ¶¶ 2-7 generally and ¶ 2-4 specifically.) Ms. Moore has resided at 504 McKittrick Dr., Midland, Texas 79707, since 2012, and before that, she resided at 4103 Boulder Dr., Midland, Texas 79707. (*Id.* ¶ 6.) Ms. Moor is registered to vote in the state of Texas. (*Id.* ¶ 5.) Ms. Moore has been domiciled in Texas since 1986, and she has had nor has any intention of leaving or

moving from Texas.  (*Id.* ¶ 7.)

Moreover, the "documents" cited by Defendant as filed with the State of Nevada reflect an address used for business purposes only, namely P.O. Box 1339, Ruidoso, New Mexico 88355 ("New Mexico P.O. Box"). (Moore Aff. ¶¶ 8-11.)  The form used for filing permits the registering party specify a business address, as it states "residence or business."  (*Id.* at Ex. A-1.)  Her inclusion of the New Mexico P.O. Box is for use as a business address, and the New Mexico P.O. Box is not her residential address.  (Id. ¶¶ 10-11.)

Based on the above, and as set out below, complete diversity of citizenship does not exist in this matter, and the Court does not have subject matter jurisdiction over the matter at issue.  In turn, the Court should remand this case to the New Mexico State District Court, as set out below.

**II. COMPLETE DIVERSITY AMONG THE PARTIES DOES NOT EXIST, AND THEREFORE, REMAND TO STATE DISTRICT COURT IS NECESSARY.**

Federal district courts have original subject matter jurisdiction in all civil actions where the matter in controversy exceeds $ 75,000, exclusive of interest and costs, and <u>is between citizens of different States</u>.  *See* 28 U.S.C.S. § 1332(a)(1) (emphasis added); *Ullman v. Safeway Ins. Co.*, 995 F. Supp. 2d 1196, 1213 (D.N.M. 2013).  "To establish subject matter jurisdiction under 28 U.S.C. § 1332, a party must show that complete diversity of citizenship exists between the parties." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004).  If a civil action filed in state court satisfies the requirements for diversity subject-matter jurisdiction, the defendant can seek to remove the action to the federal district court.  28 U.S.C. § 1441(a); *Chaara v. Intel Corp.*, 410 F. Supp. 2d 1080, 1087 (D.N.M. 2005).  For purposes of determining the existence of diversity jurisdiction, "the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing."  *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541

3

U.S. 567, 569-70, 124 S. Ct. 1920, 1923 (2004).

The removing party bears the burden of establishing the requirements for federal jurisdiction. *Thompson v. Intel Corp.*, No. CIV 12-0620 JB/LFG, 2012 U.S. Dist. LEXIS 126311, at *11-12 (D.N.M. Aug. 27, 2012). A removal that does not comply with the express statutory requirements is defective and must be remanded to state court. *Bellman v. NXP Semiconductors USA, Inc.*, 248 F. Supp. 3d 1081, 1108 (D.N.M. 2017). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Res. Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982)*.

A motion to remand "based on a defect other than lack of subject matter jurisdiction" must be made within thirty days after the filing of the notice of removal. 28 U.S.C.S. § 1447(c); *Chaara*, 410 F. Supp. 2d at 1087 (D.N.M. 2005). The thirty-day limit does not apply to jurisdictional defects. *Id.* at 1087 n.3 (a motion to remand did not fall within the 30-day requirement of Section 1447(c) because it was based on lack of subject-matter jurisdiction, "namely lack of diversity jurisdiction."). Section 1447(c) requires a district court to order remand if "at any time prior to final judgment" that it lacks subject matter jurisdiction. 28 U.S.C.S. § 1447(c) (stating that a district court "shall" remand); *Kennedy v. Lubar*, 273 F.3d 1293, 1297 (10th Cir. 2001) (internal punctuation omitted).

Limited liability companies are treated as partnerships for citizenship purposes and are, therefore, citizens of each and every state in which any member is a citizen. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); Order at 3. For diversity jurisdiction purposes, a person's domicile determines citizenship. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("A person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit.").

Residence alone is not the equivalent of citizenship, but place of residence is *prima facie* the domicile. *Chaara*., 410 F. Supp. at 1091. The Tenth Circuit exhibits a presumption in favor of an established domicile over a newly acquired one. *Janis v. Ed Story & Assocs.*, No. 96-4168, 1997 U.S. App. LEXIS 23532, at *10 (10th Cir. Sep. 4, 1997).

In this case, complete diversity fails because the Plaintiff and both Defendants are Texas citizens. Defendants assert in the Amended Notice of Removal that they "are domiciled in, and citizens of, the State of Texas." (Amended Notice of Removal at 3, ¶ I.B.8.) As set out in her affidavit, attached as Exhibit A to this Motion, Lula Fae Moore is a citizen and established domiciliary of Texas. (Moore Aff. ¶¶ 3-7.) Ms. Moore has lived at 504 McKittrick Dr, Midland, TX 79707 for six years, and before that, she lived at 4103 Boulder Dr., Midland, Texas 79707 for twenty-six years (*Id.* ¶ 6.) She has no intention of leaving or moving from her Texas domicile. (*Id.* ¶ 7.)

With respect to Defendant's assertion of Ms. Moore's citizenship from Nevada's Secretary of State's website, Defendants' reliance is misplaced. The annual filing with the state of Nevada for FCRC requests the inclusion of an address, either residence or business. (Moore Aff. ¶ 8-9 and Ex. A-1.) The New Mexico P.O. Box is used by Ms. Moore for business purposes and is not her residential address. (*Id.* ¶¶ 10-11.)

Ms. Moore is the sole and managing member of FCRC. (Amended Notice of Removal at 2; Moore Aff. ¶ 2.) Because LLCs assume the citizenship of each and every member, FCRC is a citizen of Texas. *Siloam Springs Hotel,* 781 F.3d at 1234. Defendants are citizens of Texas. (Amended Notice of Removal at 3, ¶ I.8.) Because Plaintiff and Defendants are citizens of the same state, complete diversity does not exist, and the Court lacks subject-matter jurisdiction under 28 U.S.C.S. § 1332(a)(1). Therefore, this case must be remanded under 28 U.S.C.S. § 1447(c).

### III.     CONCLUSION

WHEREFORE, for the reasons cited above, Plaintiff respectfully requests that the Court:

A.  find that complete diversity does not exist under 28 U.S.C.S. § 1332(a)(1); that it lacks subject matter jurisdiction over this matter; and that it must remand this case to the New Mexico state district court as originally filed under 28 U.S.C.S. § 1447(c);

B.  enter an order remanding this matter to the originating New Mexico state district court; awarding attorneys' fees and costs incurred as a result of the removal under 28 U.S.C.S. § 1447(c); and for such other relief as the Court deems just and proper.

Respectfully submitted,

 /s/ Eric D. Norvell
Eric D. Norvell
2292 Faraday Ave., Suite 70
Carlsbad, CA 92008
(760) 452-0808
enorvell@norvellfirm.com
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that I caused the above Motion to Remand Civil Action to New Mexico State District Court for Lack of Subject Matter Jurisdiction to be served to all parties entitled to notice via the Court's CM/ECF filing system on February 13, 2018, including:

Faith Kalman Reyes
Verdi & Ogletree PLLC
1704-B Llano St., #333
Santa Fe, NM 87505
Phone: 505.660.0749
Facsimile: 202.449.7701
freyes@verdiogletree.com
*Attorneys for Defendants*

 /s/ Eric D. Norvell
Eric D. Norvell